Jiang v. Garland

BIA
Poczter, IJ
A206 998 935

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand twenty-two.

PRESENT:
> REENA RAGGI,
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> > *Circuit Judges.*

_____

BIN JIANG,
> *Petitioner,*

v.                                          **20-2810**
                                            **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Stuart Altman, Esq., New York, NY.

FOR RESPONDENT:            Brian Boynton, Acting Assistant Attorney General; John S. Hogan,

Assistant Director; Rebecca Hoffberg Phillips, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bin Jiang, a native and citizen of the People's Republic of China, seeks review of an August 17, 2020, decision of the BIA affirming a June 28, 2018, decision of an Immigration Judge ("IJ") denying Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bin Jiang*, No. A206 998 935 (B.I.A. Aug. 17, 2020), *aff'g* No. A206 998 935 (Immig. Ct. N.Y. City June 28, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The IJ did not abuse her discretion in denying a continuance for Jiang to submit corroborating evidence, and substantial evidence supports the agency's determination that Jiang was not credible as to his

2

claim that he narrowly avoided arrest for attending an unregistered church in China and that he continues to attend church in the United States.

We review the denial of a continuance "under a highly deferential standard of abuse of discretion." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29 (2021). The IJ did not abuse her discretion in declining to delay proceedings to provide Jiang additional time to obtain and present corroborating documents given that he had more than three years to do so. *See Morgan*, 445 F.3d at 551; *cf. Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009) (providing that "the alien bears the ultimate burden of introducing such evidence without prompting from the IJ").

We review the agency's adverse credibility determination for substantial evidence, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency

3

between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

The IJ reasonably relied on Jiang's inconsistent statements regarding whether police threatened him at his own home or at a fellow church member's home, his omission of that encounter from his asylum application, and his inconsistent statements regarding where he had lived and how often he attended church in the United States. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Hong Fei Gao*, 891 F.3d at 78–79 (providing that the agency may rely on omissions of facts "that a credible petitioner would reasonably have been

4

expected to disclose under the relevant circumstances"). Jiang did not compellingly explain the inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

Having questioned Jiang's credibility, the agency reasonably relied further on his failure to rehabilitate his claim with corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Jiang failed to provide documentary evidence from fellow church members or from his church to corroborate his church attendance in China or the United States, despite having more than three years to obtain such evidence. The agency did not err in concluding that affidavits from his wife and parents did not adequately corroborate his attendance because they do not attend church with him. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir.

5

2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

The inconsistencies and lack of corroboration provide substantial evidence for the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). That adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). Accordingly, we need not reach the agency's alternative finding that Jiang failed to satisfy his burden of proving a well-founded fear of persecution on account of his religious practice in the United States. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court